1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10

11   JULIET B. BANUA,                         ) Case No. SA CV 12-0804 JCG
                                              )
12              Plaintiff,                     )
                                              )
13        v.                                   )
                                              ) **MEMORANDUM OPINION AND**
14   CAROLYN W. COLVIN, ACTING                 ) **ORDER**
     COMMISSIONER OF SOCIAL                    )
15   SECURITY ADMINISTRATION,[1/]              )
                                              )
16              Defendant.                     )
                                              )
17                                             )
                                              )
18  ─────────────────────────────────

19        Juliet B. Banua ("Plaintiff") challenges the Social Security Commissioner's

20   decision denying her application for disability benefits.  Specifically, Plaintiff

21   contends that the Administrative Law Judge ("ALJ") improperly rejected the

22   opinions of her treating physicians, Drs. Viney Soni and Jerald Sigala.  (Joint Stip. at

23   9-11, 14-15.)  The Court agrees with Plaintiff for the reasons discussed below.

24        A.   <u>An ALJ Must Provide Specific and Legitimate Reasons to Reject the</u>

25             <u>Contradicted Opinion of a Treating Physician</u>

26        "As a general rule, more weight should be given to the opinion of a treating

27   ─────────────────────────

28        [1/]   Carolyn W. Colvin is substituted as the proper defendant herein.  *See* Fed. R.
     Civ. P. 25(d).

source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003).  This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted).  The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

    B.   <u>The ALJ Failed to Provide Specific and Legitimate Reasons for</u>
           <u>Rejecting the Treating Opinions of Drs. Viney Soni and Jerald Sigala</u>

Here, the ALJ provided two reasons for rejecting the opinions of Drs. Viney Soni and Jerald Sigala.  (*See* AR at 24-25.)  The Court addresses – and rejects – both reasons below.

First, the ALJ found that the doctors' records provided "no indication" that Plaintiff could not work for a full eight-hour day.  (AR at 24; *accord* AR at 25.)  But the "primary function of medical records is to promote communication and recordkeeping for health care personnel-not to provide evidence for disability determinations." *Orn v. Astrue*, 495 F.3d 625, 634 (9th Cir.2007).  Thus, it is unreasonable to expect medical records to routinely discuss a claimant's adaptability to an eight-hour workday, or any other issue that is irrelevant to diagnosis and treatment.

Second, the ALJ noted that Drs. Soni and Sigala's records depict Plaintiff's conditions as "generally stable."  (AR at 25.)  This conclusion, however, does not

speak to issue of Plaintiff's limitations: an impairment, though *stable*, can still be *disabling*. Further, there is nothing in either opinion to indicate that they were based on any alleged instability in Plaintiff's conditions. (*See* AR at 410-19.) Thus, as to this reason, the ALJ's credibility determination misses the mark.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited the opinions of Drs. Soni and Sigala. The Court thus determines that the ALJ's decision is not supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

C. <u>Remand is Warranted</u>

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, the credibility of Drs. Viney Soni and Jerald Sigala must be properly assessed. Therefore, on remand, the ALJ shall reevaluate the opinions of both doctors and either credit them as true, or provide valid reasons for any portion that is rejected.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

3

1    Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

2  **REVERSING** the decision of the Commissioner denying benefits and

3  **REMANDING** the matter for further administrative action consistent with this

4  decision.[2]

5

6  Dated: April 30, 2013

7  _____

8                    Hon. Jay C. Gandhi

9                    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [2]   In light of the Court's remand instructions, it is unnecessary to address

28  Plaintiff's remaining contentions.  (*See* Joint Stip. at 4-5, 8-11, 14-19, 22.)

4